No. 96-2253

Ruth A. Kisling,                          *
                                          *
          Appellant,                      *
                                          *    Appeal from the United States
     v.                                   *    District Court for the
                                          *    Eastern District of Arkansas.
Shirley S. Chater, Commissioner           *
of the Social Security                    *
Administration,                           *
                                          *
          Appellee.                       *

                    Submitted:  December 9, 1996

                       Filed:  February 5, 1997

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.

WOLLMAN, Circuit Judge.

     Ruth A. Kisling appeals from the district court's[1] order affirming
the decision of the Commissioner of the Social Security Administration,
denying her claim for Supplemental Security Income (SSI) benefits.  We
affirm.

**I.**

     Kisling filed for benefits on January 15, 1993, claiming disability
due to arthritis, bronchitis, and asthma.  At her hearing before an
administrative law judge (ALJ), Kisling testified to arthritis pain,
bronchitis, asthma, and bad nerves.  She also stated that she often became
depressed and angry.

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate
Judge for the Eastern District of Arkansas, to whom this case was
referred for final disposition pursuant to 28 U.S.C. § 636(c).

The ALJ found that Kisling suffered from bronchitis and dysthymia[2]. Analyzing Kisling's claim under the framework outlined in 20 C.F.R. §§ 416.920 and 416.920a, the ALJ found that while these impairments were severe, they did not meet the requirements for listed impairments. The ALJ concluded that Kisling retained the residual functional capacity to perform her past relevant work as a shirt factory worker, and therefore denied benefits.

The Appeals Council denied Kisling's request for review. The district court granted summary judgment for the Commissioner. On appeal, Kisling argues that the Commissioner's decision was not supported by substantial evidence, that the ALJ's credibility determinations were erroneous, and that the ALJ failed to consider the combined effect of her impairments on her ability to perform her past relevant work.

## II.

Our review on appeal is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. See 42 U.S.C. § 405(g); Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996); Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996). "Substantial evidence is that which a reasonable mind would find as adequate to support the Commissioner's decision." Comstock, 91 F.3d at 1145; see Johnson, 87 F.3d at 1017.

The record clearly supports the Commissioner's determination that Kisling's physical impairments do not inhibit her ability to perform her past relevant work. The medical evidence does not show

---

[2]Dysthymia is a mood disorder characterized by a depressed feeling and loss of interest or pleasure in one's usual activities that persists for more than two years but is not severe enough to meet the criteria for major depression. Richard Sloane, The Sloane-Dorland Annotated Medical-Legal Dictionary 204 (1992 Supp.).

-2-

that Kisling suffers from arthritis or from any other afflictions that might impair her ability to work.  Medical records do confirm that Kisling suffers from chronic, and occasionally acute bronchitis, but there is no evidence that her pulmonary function is significantly compromised, and no physician has ever restricted her activities because of her pulmonary status.  Moreover, there is no evidence in the record showing that Kisling's pulmonary condition would inhibit her ability to work as a shirt factory worker.[3]

Furthermore, the medical records show that Kisling's respiratory problems are related to her smoking habit.  Although her physicians repeatedly recommended that she curb her smoking, Kisling did not heed this advice.  Impairments that are controllable or amenable to treatment do not support a finding of disability, and "[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995); see 20 C.F.R. § 416.930(b).

The record also supports the Commissioner's determination that Kisling's mental condition does not impair her capacity to perform her past relevant work.  Kisling's treating psychiatrist, Dr. Gary Tharp, noted on December 19, 1992, that her dysthymia was in remission.  In reports dated May 8, 1993 and July 10, 1993, Tharp did note that Kisling exhibited schizoid avoidance features.  In two subsequent reports dated August 28, 1993 and October 30, 1993, however, Tharp does not mention any such features.  Moreover, in the July 10th, August 28th, and October 30th reports, Tharp described Kisling as alert and oriented, in a good mood, maintaining a normal speech pattern, exhibiting appropriate

---

[3]Kisling alleges that the ALJ breached his duty to adequately develop the record.  See Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994).  The record itself, however, is sufficiently developed; the documents and testimony simply fail to support Kisling's claims.

reactions, and presenting no evidence of psychosis or suicidal or homicidal thoughts.

We also find that the ALJ properly assessed the credibility of Kisling and her sister and was justified in discounting their testimony regarding Kisling's subjective complaints of pain. The ALJ based his credibility assessment on specific inconsistencies between Kisling's complaints and the record as a whole, as required by Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). He noted the absence of medical evidence supporting Kisling's subjective complaints of pain, a factor that supports the discounting of such complaints. See Comstock, 91 F.3d at 1147. He also relied on the fact that Kisling was not on any pain medication, which we have held "is `inconsistent with subjective complaints of disabling pain.'" Johnson, 87 F.3d at 1017 (quoting Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994)). The ALJ additionally noted that Kisling took care of her own daily personal needs, and that no physician had instructed her to limit herself in any capacity. Finally, he cited the opinion of Kisling's therapist that Kisling's motivation to work was suspect. These enumerated findings support the ALJ's decision to discount Kisling's subjective complaints of pain. See Polaski, 739 F.2d at 1322. Likewise, because Kisling's sister merely stated that Kisling's testimony was true and not exaggerated, the ALJ was justified in discrediting her testimony as well. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) (ALJ may disbelieve witness's testimony due to suspect nature).

Finally, contrary to Kisling's assertion, we find that the ALJ properly considered the combined effect of Kisling's impairments. See 20 C.F.R. § 416.923; Weikert v. Sullivan, 977 F.2d 1249, 1251 (8th Cir. 1992). Overall, the evidence in the record supports the Commissioner's conclusion that Kisling's impairments did not inhibit her ability to perform her past relevant work.

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.