**John SCOTT, Appellant,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Appellee.**

**No. 95–3740EM.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1996.

Decided April 28, 1997.

Nancy R. Mogab, St. Louis, Missouri, argued for appellant.

Madeline B. Cole, St. Louis, Missouri, argued for appellee (Edward L. Dowd, Jr., U.S. Attorney and Joseph B. Moore, Assistant U.S. Attorney, on the brief).

Before MCMILLIAN and FAGG, Circuit Judges, BURNS,* District Judge.

JAMES M. BURNS, District Judge.

John Scott appeals the district court's [1] Order issued September 26, 1995, in which the court upheld the Administrative Law Judge's (ALJ) [2] final decision denying Scott's application for benefits under the Social Security Act.

In April 1992, Scott applied for supplemental security income (SSI) benefits pursuant to 42 U.S.C. §§ 1381, *et seq.* In May 1992, Scott also applied for disability insurance benefits pursuant to 42 U.S.C. §§ 401, *et seq.* The Social Security Administration denied Scott's application initially and upon reconsideration. Scott appealed and was granted a hearing before an ALJ.

On January 18, 1996, the ALJ issued a final decision in which he found Scott was not disabled within the meaning of the Social Security Act and, therefore, was not entitled to Social Security benefits. After evaluating the entire record, including additional medical evidence submitted by Scott, the Appeals Council declined review; thus, the ALJ's decision became the Commissioner's final decision. *See Jones v. Chater,* 86 F.3d 823, 825 (8th Cir.1996). Scott then sought judicial review in district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

* The HONORABLE JAMES M. BURNS, United States District Judge for the District of Oregon, sitting by designation.

1. The Honorable Donald J. Stohr, District Judge for the Eastern District of Missouri.

2. The Honorable Joseph M. Touhill, United States Administrative Law Judge for the Department of Health & Human Services, Social Security Administration.

Scott's appeal was assigned to a magistrate judge[3] pursuant to 28 U.S.C. § 636(b). After a review of the record as a whole, the magistrate judge issued a carefully reasoned 16–page Report and Recommendation on August 30, 1995. The magistrate judge concluded substantial evidence existed to support the ALJ's decision that Scott was not disabled within the meaning of the Social Security Act and, therefore, was not entitled to Social Security benefits. Scott appealed to the district court.

After the district court independently reviewed the record and evaluated the evidence, the district court also concluded substantial evidence existed to support the ALJ's final decision to deny Scott the social security benefits he sought. On September 26, 1996, the district court issued a four-page Order in which it adopted the magistrate judge's Report and Recommendation, summarized its reasons for doing so, and added its own analysis. The district court also entered a judgment affirming the Commissioner's final decision. Scott now appeals the district court's decision and takes his seventh bite of the apple, so to speak.

Judicial review by both the district court and the appellate court is "limited to determining whether there is substantial evidence based on the entire record to support the ALJ's factual findings" and whether the ALJ's decision "was based on legal error." *Clark v. Chater*, 75 F.3d at 416 (citing *Keller v. Shalala*, 26 F.3d 856, 858 (8th Cir.1994)). *See also Carlock v. Sullivan*, 902 F.2d 1341, 1343 (8th Cir.1990) (citing 42 U.S.C. § 405(g) and *Bolton v. Bowen*, 814 F.2d 536, 537 (8th Cir.1987)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Clark v. Chater*, 75 F.3d at 416 (citing *Reed v. Sullivan*, 988 F.2d 812, 814 (8th Cir.1993)). If we find "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the [agency's] decision." *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir.1992) (citing *Cruse*

*v. Bowen*, 867 F.2d 1183, 1184 (8th Cir.1989)). The focus of our review is "not so much on the district court's ruling as it is on the administrative ruling." *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir.1987) (citation omitted).

After carefully reviewing and evaluating the record on the whole, we hold substantial evidence existed to support the ALJ's final decision and the district court's judgment that Scott was not disabled within the meaning of the Social Security Act and, therefore, was not entitled to Social Security benefits. We also hold the ALJ's final decision was not based on legal error. We see no need to repeat at length the thoroughly well-reasoned findings and rulings set forth in the Report and Recommendation of the magistrate judge and in the Order of the district court; therefore, we hereby adopt and incorporate same in support of our holding. Accordingly, we AFFIRM.

---

**3.** The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District

of Missouri.