# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3948

_____

Debra J. Wheeler,                              *
                                               *
        Appellant,                  *        Appeal from the United States
                                               *        District Court for the Western
v.                                             *        District of Missouri
                                               *
Kenneth S. Apfel,
Commissioner of Social Security,               *
                                               *
        Appellee.                   *

_____

Submitted:  April 12, 2000
Filed: August 31, 2000

_____

Before WOLLMAN, Chief Judge, MAGILL, Circuit Judge, and FRANK,[1] District
    Judge.


FRANK, District Judge.

    Debra J. Wheeler appeals from the district court's[2] order affirming the denial of
her requests for disability insurance benefits, under Title II of the Social Security Act,

_____

    [1]The Honorable Donovan W. Frank, United States District Judge for the District
of Minnesota, sitting by designation.

    [2]The Honorable John T. Maughmer, Chief Magistrate Judge, United States
District Court for the Western District of Missouri.

42 U.S.C. § 401, et seq., and for supplemental security income, under Title XVI of the Social Security Act, 42 U.S.C. § 1381, et seq. We affirm.

## I.

Wheeler was born on April 8, 1954, and has received her high school equivalency diploma. Her past work experience includes positions as a photo laboratory worker, punch press operator, hand packager, and cosmetologist. Wheeler filed her applications for disability insurance benefits and supplemental security income on March 3, 1994, alleging that she is unable to work due to worsening conditions of asthma, fibromyalgia, and rheumatoid arthritis.

The Social Security Administration denied Wheeler's application initially and again on reconsideration. Wheeler then requested and received a hearing before an Administrative Law Judge (ALJ), who also denied Wheeler's application. Upon review, the Appeals Council of the Social Security Administration vacated the ALJ's decision and remanded the case for further proceedings.

Following a supplemental hearing, the ALJ again evaluated Wheeler's claim according to the five-step sequential analysis prescribed by the social security regulations. See 20 C.F.R. §§ 404.1520(a)-(f); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). The ALJ determined that Wheeler met the disability insured status requirements as of February 25, 1992, as she had not engaged in substantial gainful activity since that date. The ALJ also found, however, that although Wheeler suffered from severe impairments, her impairments were not listed in, nor medically equal to, those listed in 20 C.F.R. § 404, Subpart P, Appendix 1. The ALJ concluded that Wheeler was unable to perform her past relevant work, but possessed the residual functional capacity to perform a significant number of jobs in the national economy. Consequently, the ALJ found that Wheeler was not

under a disability as defined in the Social Security Act and denied her application for benefits accordingly.

The Appeals Council denied Wheeler's request for further review, thereby making the ALJ's decision the final decision of the Commissioner. Wheeler then sought review in the district court pursuant to 52 U.S.C. § 405(g). The district court affirmed the decision of the Commissioner.

On appeal before this court, Wheeler argues that the ALJ erred by: (1) failing to properly consider the testimony of Wheeler and her husband, pursuant to Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted); (2) failing to consider the totality of the medical evidence and instead unduly relying upon the findings of a non-treating physician; and (3) improperly relying upon the testimony of the vocational expert, which was inconsistent with the record.

## II.

We consider the Commissioner's denial of benefits to determine whether substantial evidence on the whole record supports the decision. Reeder v. Apfel, 214 F.3d 984, 987 (8th Cir. 2000). Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000). The court is required to review the administrative record as a whole, considering evidence which detracts from the Commissioner's decision, as well as that which supports it. Freeman v. Apfel, 208 F.3d 687, 690 (8th Cir. 2000). We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. Craig, 212 F.3d at 436. Rather, if we find it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the agency's decision. Scott v. Chater, 112 F.3d 367, 368 (8th Cir. 1997).

Wheeler first argues that the ALJ improperly discounted the credibility of Wheeler and her husband and did not correctly apply the credibility factors set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted). In order to properly evaluate a claimant's subjective complaints of pain under Polaski, the ALJ is required to make a credibility determination by taking into account the following factors: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Hutton v. Apfel, 175 F.3d 651, 654-55 (8th Cir. 1999), citing Polaski, 739 F.2d at 1322. Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints. Hutton, 175 F.3d at 655. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. Hutton, 175 F.3d at 655.

The ALJ explicitly found that Wheeler's subjective complaints of pain were not credible to the extent alleged, both with specific reference to the above Polaski factors and in consideration of inconsistencies in the record as a whole. The ALJ determined that, although Wheeler had certain symptoms that limited her functional abilities, the evidence did not support Wheeler's assertion that her symptoms were of such severity so as to preclude the performance of any type of work. The ALJ first noted that, despite Wheeler's complaints of leg, joint, and back pain and immobility, Wheeler had had no treating physician for two years. See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (claimant's "failure to seek medical assistance for her alleged physical . . . impairments contradicts her subjective complaints of disabling conditions and supports the ALJ's decision to deny benefits"). The ALJ further noted that Wheeler smoked two packs of cigarettes per day, despite her complaints of asthma and despite directions to quit by a treating physician. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (impairments that are controllable or amenable to treatment, including certain respiratory problems, do not support a finding of disability, and failure to follow

-4-

a prescribed course of remedial treatment, including the cessation of smoking, without good reason is grounds for denying an application for benefits).

The ALJ then set forth a partial description of Wheeler's history of medical treatment, as it appeared in the record.[3] The ALJ discussed, for example, the findings of Dr. Charles Ash, who examined Wheeler on April 15, 1994. Dr. Ash determined that Wheeler exhibited satisfactory general movement with no limp or list, that Wheeler's lungs exhibited no evidence of respiratory distress, that the spine showed a full range of motion with no deformity or muscle spasm, that no evidence of swelling or limited motion appeared in Wheeler's fingers, that her grip was good in both hands, that no swelling was visible in the knees or ankles, and that Wheeler's ankles exhibited a full range of motion. Similarly, after examining Wheeler on October 31, 1996, Dr. Ali J. Abu-Libdeh concluded that he could find no evidence of active rheumatoid arthritis. Dr. Abu-Libdeh determined that Wheeler's hands, wrists, feet, and ankles were free from arthritis and showed no swelling or tenderness, that both elbows and shoulders were normal, that Wheeler's knees showed minimal tenderness, and that a mild reduction in mobility appeared to be caused by Wheeler's obesity. The record thus shows that the ALJ properly discounted Wheeler's subjective complaints of arthritic pain and immobility. See Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996) (ALJ entitled to discount claimant's complaints of pain based upon claimant's failure to pursue regular medical treatment and where complaints were inconsistent with objective medical evidence).

---

[3]That the ALJ did not attempt to describe the entirety of Wheeler's medical history does not support Wheeler's argument that the ALJ disregarded certain aspects of the record. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (internal citations omitted) ("[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted . . . [and] [a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered").

The ALJ also found that the corroborating testimony of Wheeler's husband was not fully credible. Although the ALJ did not list specific reasons for discrediting the testimony of Wheeler's husband, the omission is not fatal to the ALJ's decision because the same evidence supported discounting both Wheeler's and her husband's testimony. See Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (internal quotation omitted) ("[w]hile it is preferable that the ALJ delineate the specific credibility determinations for each witness, an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome"). We thus reject Wheeler's argument that the ALJ failed to properly evaluate the testimony of Wheeler and her husband.

Wheeler next argues that the ALJ made only selective use of the medical evidence in determining Wheeler's residual functional capacity and unduly relied upon the findings of Dr. Abu-Libdeh, a non-treating government-paid physician. Specifically, Wheeler alleges that the record establishes that she suffers from severe manipulative limitations, which limitations were improperly ignored in determining her residual functional capacity. We disagree.

The ALJ made extensive reference to Wheeler's past medical examinations, including examinations by Dr. James Flanery, Dr. Ash, and a treating physician in an emergency room, as well as Dr. Abu-Libdeh. As previously discussed, both Dr. Ash and Dr. Abu-Libdeh found no evidence of swelling in the extremities and found that Wheeler could make a good hand grip bilaterally. Dr. Ash determined that Wheeler had a full range of motion and Dr. Abu-Libdeh specifically concluded that he could find no evidence of arthritis. The conclusions of both Dr. Ash and Dr. Abu-Libdeh were the result of their examinations of Wheeler, while Wheeler had not had a treating physician in two years.

The ALJ's opinion thoroughly discussed Wheeler's medical records in assessing her physical abilities and adopting a residual functional capacity. We find that, in

focusing on certain portions of the medical records that were consistent with his findings, the ALJ was not ignoring the totality of the record, but rather was properly giving specific reasons to support his conclusions. We thus conclude that the ALJ's assessment of Wheeler's residual functional capacity was supported by substantial evidence. See Craig, 212 F.3d at 436 (claimant's argument that ALJ selectively ignored portions of the offered medical opinions rejected where the record also contained the opinions of consulting physicians whose observations did not support claimant's allegation of complete disability).

Finally, Wheeler argues that the ALJ erred in relying upon the testimony of a vocational expert who proposed potential work for Wheeler which, according to Social Security regulations and the Dictionary of Occupational Titles (DOT), was incompatible and inconsistent with Wheeler's residual functional capacity as determined by the ALJ. Specifically, Wheeler argues that the jobs identified by the vocational expert were unsuitable due to the standing, sitting, and stooping limitations incorporated into Wheeler's residual functional capacity.

We reject Wheeler's argument. In framing his questions to the vocational expert, the ALJ specifically asked the expert to assume a job applicant with Wheeler's age, education, work experience, and residual functional capacity, including her limitations of sitting, standing, and/or walking, with normal breaks, 30 minutes at one time or 4 hours in an 8 hour day, and never stooping. In accordance with the vocational expert's testimony, the ALJ found that Wheeler could perform less than a full range of light work, due to standing, walking, sitting, and stooping limitations, but would be able to work as an expediter clerk, order clerk, addresser, mail clerk, or office helper. Wheeler argues that the proposed jobs, as defined in the DOT, are inconsistent with her residual functional capacity and limitations. Wheeler's "reliance on the DOT as a definitive authority on job requirements is misplaced, however, for DOT definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." Hall v. Chater, 109 F.3d 1255, 1259 (8th Cir. 1997)

(internal quotations omitted). The DOT itself cautions that its descriptions may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities. <u>Hall</u>, 109 F.3d at 1259 (internal quotations omitted). In other words, not all of the jobs in every category have requirements identical to or as rigorous as those listed in the DOT. <u>Hall</u>, 109 F.3d at 1259. The record in the present matter, including the testimony of the vocational expert, who answered a hypothetical that included Wheeler's limitations, supports the ALJ's conclusion that Wheeler could perform certain available jobs within the economy. <u>See</u> <u>Hall</u>, 109 F.3d at 1259 (court satisfied that claimant could perform a number of jobs within the categories the vocational expert listed, despite her impairments); <u>see</u> <u>also</u>, <u>Craig</u>, 212 F.3d at 436 (Commissioner's finding that claimant could perform certain existing jobs affirmed where claimant could not perform full range of light work due to standing and walking limitations, despite fact that proposed jobs did not precisely match regulation guidelines or DOT definitions). Our review of the record shows that the ALJ's conclusion was supported by substantial evidence in the record as a whole.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.