# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2261

_____

Arthur Eason,                                    *
                                                 *
                    Appellant,                    *
                                                 *    Appeal from the United States
        v.                                       *    District Court for the Western
                                                 *    District of Arkansas.
Jo Anne B. Barnhart, Commissioner                *
of the Social Security Administration,           *            [UNPUBLISHED]
                                                 *
                    Appellee.                     *

_____

Submitted:  October 4, 2002
    Filed:  October 15, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Arthur Eason appeals the District Court's[1] order affirming the denial of disability insurance benefits and supplemental security income. After careful review of the record, see Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001) (standard of review for reviewing findings of an administrative law judge regarding denial of Social Security disability benefits), we affirm.

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In his September 1998 applications for disability insurance benefits and supplemental security income, Eason alleged disability since December 1996 caused by back and neck pain, leg problems and muscle weakness. After a hearing, an administrative law judge (ALJ) found that Eason could not perform his past relevant work, but that he could perform jobs a vocational expert (VE) identified in response to a hypothetical the ALJ posed.

We reject Eason's challenge to the ALJ's reliance on the VE's opinion as to Eason's ability to perform certain jobs. The VE's opinion was consistent with the *Dictionary of Occupational Titles* (DOT) descriptions of the identified jobs, and with the ALJ's hypothetical, which included functional illiteracy. See Wheeler v. Apfel, 224 F.3d 891, 896-97 (8th Cir. 2000) (ALJ properly relied on VE's testimony where VE responded to hypothetical that included all of claimant's restrictions; DOT definitions are merely generic job descriptions that approximate maximum requirements for each position, and DOT cautions that descriptions may not coincide in every respect with content of jobs as performed in specific establishments or localities). We also reject Eason's challenge to the ALJ's credibility findings, as the ALJ gave multiple valid reasons for discrediting Eason. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999). The remaining arguments Eason raises provide no basis for reversal.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-