# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3178

_____

| | | |
|---|---|---|
| Daniel W. McClean, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Jo Anne B. Barnhart, Commissioner of | * | [UNPUBLISHED] |
| Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 3, 2004

Filed: April 5, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Daniel W. McClean appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Having carefully reviewed the record, see Wheeler v. Apfel, 224 F.3d 891, 894-95 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

In his June 2000 applications and related documents, McClean alleged disability since February 1999 from, inter alia, carpal tunnel syndrome (CTS), learning disabilities, a bad back, and illiteracy. After a January 2002 hearing, an administrative law judge (ALJ) determined that McClean's borderline intellectual function and his chronic cervical and lumbar strain were severe impairments, but his CTS was not severe, and his impairments, alone or combined, were not of listing-level severity. The ALJ further determined that although McClean's residual functional capacity (RFC) precluded his past relevant work, he could perform certain jobs a vocational expert had identified in response to a hypothetical the ALJ had posed at the hearing.

We reject McClean's challenges to the ALJ's credibility findings and to the ALJ's RFC findings as they related to McClean's upper extremities. The ALJ gave multiple valid reasons for finding McClean's allegations concerning his limitations not entirely credible, see Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if adequately explained and supported, credibility findings are for ALJ to make); and we conclude that the ALJ's RFC findings were supported by substantial evidence, including the examination findings of two consulting physicians and one treating physician, and the March 2000 opinion of Dr. Lee Piatek--the physician who performed McClean's CTS releases in 1999--that McClean could have returned to his previous job in June 1999 without work restrictions, see Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (it is ALJ's responsibility to determine RFC based on medical records, observations of treating physicians and others, and claimant's own description of his limitations). We decline to consider McClean's assertions concerning recent medical findings, as such findings relate to his physical status after the date of the ALJ's decision. See Delrosa v. Sullivan, 922 F.2d 480, 483-84 (8th Cir. 1991).

Accordingly, we affirm.

_____