# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1609

_____

| | |
|---|---|
| Bruce Mouser, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| Michael J. Astrue, Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Appellee. | * |

_____

Submitted:  September 26, 2008
Filed:  November 6, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Bruce Mouser appeals from the district court's order denying remand and affirming the Commissioner's denial of disability insurance benefits and supplemental security income benefits.  We affirm.

I.

Mouser is a forty-four-year-old man who completed high school by taking special education classes.  Prior to filing for disability, Mouser worked as a gin worker

and fork-lift operator for twenty-five years. Both positions are considered semi-skilled. Mouser currently lives with his parents.

On March 24, 2000, Mouser was admitted to the St. Bernards Regional Medical Center in Jonesboro, Arkansas, with complaints of neck and back pain. Dr. Mark Newman concluded that Mouser had broad-based disc bulges at L2-L3 and L3-L4 and a posterior central disc protrusion at L4-L5, but that these protrusions had not resulted in any significant stenosis. In a April 8, 2005, automobile accident, Mouser sustained a left pneumothorax fracture, a left clavicle and scapula fracture, a left ischial fracture, a left superior pubic ramus fracture, and a sacral fracture. Medical records from March 1, 2006, reflect a diagnosis of probable chronic obstructive pulmonary disease (COPD) from nicotine abuse. Likewise, pulmonary function tests performed on March 14, 2006, were consistent with severe obstructive pulmonary impairment. Although doctors repeatedly advised Mouser to stop smoking, at the time of the April 6, 2006, hearing before the administrative law judge (ALJ) he was still smoking a pack of cigarettes per day.

Mouser filed for disability insurance benefits and supplemental security income benefits on April 18, 2005. On June 30, 2006, the ALJ issued an opinion that concluded that Mouser was not disabled. The ALJ found that Mouser's testimony was not entirely credible in light of the medical evidence and his failure to follow doctors' orders to stop smoking. After hearing testimony from a vocational expert, the ALJ concluded that although Mouser could not perform his past relevant work, he possessed the residual functional capacity to perform a range of medium work with restrictions and was therefore not disabled. The Appeals Council denied Mouser's request for review on October 4, 2006, making the ALJ's decision final. Mouser timely appealed the decision to the district court and alternatively asked the district court to remand his case to the ALJ so that a recently issued report concerning Mouser's mental capacity could be evaluated. The magistrate judge granted summary judgment to the Commissioner, affirming the ALJ's decision, and denied Mouser's

request to remand.[1] 2008 U.S. Dist. LEXIS 7307 No. 3:06-cv-203 (E.D. Ark. Jan. 31, 2008). It is from these orders that Mouser appeals.

II

Mouser argues that the district court erred in not remanding this case for consideration of new evidence pursuant to 42 U.S.C. § 405(g), a decision that we review for abuse of discretion. Thomas v. Sullivan, 928 F.2d 255, 260 n.6 (8th Cir. 1991). Section 405(g) allows the court to remand a case "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

The report at issue was released on December 6, 2006, after Mouser underwent a psychological evaluation performed by Dr. George M. DeRoeck. This evaluation showed that Mouser reads and spells at a second grade level and does arithmetic at a fourth grade level. According to the report, Mouser has a verbal IQ of sixty-six, a performance IQ of seventy-eight, and a full scale IQ of sixty-nine. Mouser asserts that this mental deficiency is a life-long condition that has contributed to his inability to work.

The parties do not dispute the newness or materiality of the report. The Commissioner argues, however, and the district court found, that there was not good cause for Mouser's failure to include such evidence during the proceedings before the ALJ or the Appeals Council. Mouser's explanation to the district court was that the report did not exist. While that may be true, Mouser's alleged mental deficiency did exist, but it apparently was not considered by his lawyer or doctors until after the Appeals Council denied review and the administrative record closed.

---

[1]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was assigned by consent of the parties. See 28 U.S.C. § 636(c)(1).

-3-

Mouser relies primarily on authority from the Ninth and Eleventh Circuits for the premise that good cause exists when the evidence at issue did not exist at the time of the proceedings before the ALJ. See Milano v. Rowen, 809 F.2d 763 (11th Cir. 1987); Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985); Burton v. Heckler, 724 F.2d 1415 (9th Cir. 1984). Unlike our court, however, the Ninth and Eleventh Circuits review a district court's denial of the motion to remand de novo—a standard requiring no deference to the district court's determination. See Cherry, 760 F.2d at 1194 (citing Booz v. Secretary of Health and Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984)). Further, the cited cases reflect a liberal construction of section 405(g) that defines good cause as simply an absence of bad faith. See Burton, 724 F.2d at 1417-18.

We have required a more stringent showing of good cause. "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing sufficient explanation." Hepp v. Astrue, 511 F.3d 798, 808 (8th Cir. 2008). Although we have held that good cause is established where the condition and associated records did not exist at the time of the hearing, see Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991), here it is only the associated records that were lacking. The introduction of this report at this stage constitutes an attempt to present an entirely new basis for disability following the Commissioner's final determination. Given that Mouser bears the burden of proving his disabilities and "the responsibility for presenting the strongest case possible," id., we cannot say that the district court abused its discretion in finding a lack of good cause to remand.

III.

In the alternative, Mouser argues that the ALJ's decision should be reversed because the ALJ improperly discounted evidence relating to his COPD and failed to adequately develop the record concerning his mental impairments. "We will uphold the [Commissioner's] final decision if it is supported by substantial evidence on the record as a whole." Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Wheeler v. Apfel, 224 F.3d 891, 894 (8th Cir. 2000) (citing Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000)). A decision may not be reversed simply because there is evidence in the record to support an alternative conclusion. That said, "[t]he review we undertake is more than an examination in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from the decision." Kelley v. Callahan, 133 F.3d 583, 587 (8th Cir. 1998) (citing Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991)).

A.

The ALJ found that Mouser's complaints of pain and testimony regarding his limitations were not entirely credible in light of the record as a whole. In order to assess a claimant's subjective complaints, the ALJ must make a credibility determination by considering the claimant's daily activities; duration, frequency, and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). "Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints." Wheeler, 224 F.3d at 895. Thus, the ALJ may not discount subjective complaints solely because they are not supported by objective medical evidence. See O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003).

The ALJ weighed the <u>Polaski</u> factors and concluded that Mouser's complaints of pain, specifically the limitations imposed on him by his COPD, were not entirely credible. The ALJ noted that Mouser did not seek medical treatment between March 2000 and April 2005, and has not sought further medical treatment since June 2005. Mouser's doctors have not put him under any restrictions because of his pulmonary status, and the only medication he uses is an inhaler. The ALJ determined that such evidence is inconsistent with complaints of persistent and debilitating symptoms.

Mouser complains of shortness of breath, which in turn limits his physical abilities. As indicated earlier, however, Mouser continued to smoke a pack of cigarettes a day. Medical records reflect that smoking likely caused Mouser's COPD, and his continued smoking amounts to a failure to follow a prescribed course of remedial treatment. <u>See</u> <u>Kisling v. Chater</u>, 105 F.3d 1255, 1257 (8th Cir. 1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits). This is not a case in which the correlation between claimant's smoking and claimant's impairment is not readily apparent. <u>See</u> <u>Kelley</u>, 133 F.3d at 589 (noting that there is no evidence that claimant's muscoskeletal complaints would be affected by smoking cessation). To the contrary, there is no dispute that smoking has a direct impact on Mouser's pulmonary impairments. Thus, the ALJ appropriately considered Mouser's failure to stop smoking in making his credibility determination. <u>See</u> <u>Wheeler</u>, 224 F.3d at 895.

Although the ALJ may have overstated Mouser's daily activities, the record indicates that Mouser is generally able to care for himself. The record suggests that Mouser is not very active, yet he is able to complete chores at home when asked. Additionally, the record shows that his reliance on his parents for transportation is due to his license being revoked, rather than on any inability to drive. Based on the record as a whole, then, the ALJ's credibility assessment was proper.

-6-

B.

Mouser contends that there was sufficient evidence in the record to alert the ALJ as to Mouser's alleged mental impairment and that the ALJ's failure to develop the record on this issue requires reversal. Although the ALJ must fairly and fully develop the record, Battles v. Shalala, 36 F.3d 43, 44 (8th Cir. 1994), he "is not obliged 'to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) (quoting Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996)). There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. Battles, 36 F.3d at 45.

Mouser did not raise the issue of his mental capacity until his case was under review in the district court. While there is some evidence in the record indicating that Mouser might be mentally deficient—such as his enrollment in special education classes during high school and the assistance he occasionally receives from his parents with reading and pronouncing difficult words—there is also evidence to suggest he is mentally competent. Mouser held semi-skilled jobs for twenty-five years. He testified that he gets along well with people, is able to count money, follow directions, and focus on the task at hand.

Although we have previously faulted the Commissioner for not sufficiently developing the record where the issue was not explicitly raised by the claimant, those cases involved far more evidence indicating that further development was necessary than the facts before us now. See Gasaway v. Apfel, 187 F.3d 840 (8th Cir. 1999); Thompson v. Sullivan, 878 F.2d 1108 (8th Cir. 1989). In Gasaway, for example, the record before the ALJ not only showed that the claimant was in special education classes in high school, but included her school records indicating she had a verbal IQ of sixty-nine and medical records that specifically noted a history of mental

retardation. <u>Gasaway</u>, 187 F.3d at 843. The relevant evidence here is more analogous to that which existed in <u>Hensley v. Barnhart</u>, 352 F.3d 353, 357 (8th Cir. 2003), where a prescription for anti-depressants did not constitute evidence sufficient to require further inquiry into the claimant's psychological state. Accordingly, we conclude that the record is lacking in evidence that would have put the ALJ on notice that Mouser's mental capacity may be at issue and that the ALJ fully and fairly developed the record based on the evidence before him.

The judgment is affirmed.

_____