# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1155

_____

Elnora McGlothlin,                              *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
      v.                                        *   District Court for the
                                                *   Western District of Arkansas.
Michael J. Astrue, Social Security             *
Administration Commissioner,                    *   [UNPUBLISHED]
                                                *
            Appellee.                           *

_____

Submitted:  January 30, 2009
Filed:  February 23, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Elnora McGlothlin appeals the district court's[1] order affirming the denial of supplemental security income. McGlothlin alleged disability since June 2004 from hand and back injuries and from pain-related depression. Following a February 2006 hearing, where she was counseled and did not pursue her allegations of depression, an administrative law judge (ALJ) determined that her impairments--a past metacarpal

_____

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

fracture, bilateral thumb tenosynovitis, and cervicalgia and lumbosacral backache, both with radicular pain--were severe, but not of listing-level severity alone or combined; and that her subjective complaints were not fully credible. The ALJ further found that while McGlothlin's past relevant work was precluded by her residual functional capacity (RFC) for a wide range of only sedentary work, she could perform jobs identified by a vocational expert (VE) in response to a hypothetical the ALJ posed, and those jobs existed in substantial numbers nationally and in Arkansas. The Appeals Council denied review, and the district court affirmed. Having conducted de novo review of the record, we affirm. See Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (standard of review).

We reject McGlothlin's challenge to the ALJ's credibility findings. Contrary to her suggestion, the ALJ need not discuss explicitly each of the factors outlined in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), so long as he acknowledges and considers the requisite factors. See Goff v. Barnhart, 421 F.3d 785, 791-92 (8th Cir. 2005). The ALJ recognized here that he was required to consider the Polaski factors when analyzing McGlothlin's credibility; and the reasons the ALJ gave for his credibility determination--several of which McGlothlin does not challenge--are supported by substantial evidence. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (where ALJ explicitly discredits claimant's testimony and gives good reasons for doing so, court will normally defer to ALJ's judgment); see also Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (other relevant credibility factors in addition to Polaski factors include absence of objective medical evidence); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999) (lack of attempt to find free or low-cost treatment was inconsistent with alleged degree of pain and disability).

We also reject McGlothlin's contention that the ALJ was required to adopt the opinions of treating physicians David McKay, Douglas Thompson, and James Raker that she could not work. The ALJ properly discounted the conclusory opinion of Dr. Raker--which appears to be related to McGlothlin's personal-injury claim following

a car accident--as inconsistent with the objective medical evidence and as apparently based on adoption of McGlothlin's subjective complaints at face value. See Hamilton v. Astrue, 518 F.3d 607, 610 (8th Cir. 2008) (treating physician's opinion does not deserve controlling weight when it is merely conclusory statement and not supported by medically acceptable diagnostic techniques); see also 20 C.F.R. § 416.913(d)(1) (chiropractors are not acceptable medical sources, but evidence from them may be used to show severity of impairment and how it affects ability to work). Drs. Thompson and McKay did not offer RFC opinions, although they occasionally placed restrictions on McGlothlin. Further, the ALJ's RFC findings are consistent with the lack of objective medical findings as to McGlothlin's back problems and with her failure to seek ongoing care for her thumb problems. See Cox v. Astrue, 495 F.3d 614, 619-20 (8th Cir. 2007) (although RFC assessment draws from medical sources for support, ultimately it is administrative determination reserved to Commissioner).

As to McGlothlin's related challenge to the hypothetical posed to the VE, pain was addressed by, inter alia, inclusion of a limitation to sedentary work and slight restrictions in handling; and it was not necessary to include depression, given that McGlothlin never sought mental health treatment, and that depression was never diagnosed or cited as a basis for disability at the hearing. See Finch, 547 F.3d at 937 (hypothetical is appropriate where it includes all impairments supported by substantial evidence in record as whole). While McGlothlin asserts that the jobs the VE identified are precluded by her inability to push, pull, or handle, the record does not support such limitations. We decline to discuss McGlothlin's remaining arguments, as they provide no basis for reversal. Accordingly, we affirm.

_____