# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2590

_____

Dennis L. Watkins, Jr.,      *
         *
         Appellant,      *
         *    Appeal from the United States
      v.          *    District Court for the Eastern
         *    District of Arkansas.
Michael J. Astrue, Commissioner,      *
Social Security Administration,      *    [UNPUBLISHED]
         *
         Appellee.      *

_____

Submitted: December 1, 2010
Filed: March 31, 2011

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Dennis L. Watkins, Jr. appeals the district court's order affirming the denial of supplemental security income and disability insurance benefits. Watkins alleged disability since April 2004 from spinal problems, a bipolar disorder, and problems with concentration and interacting with the public. After an August 2006 hearing, an administrative law judge (ALJ) found that (1) Watkins's bipolar disorder, mild scoliosis, and degenerative disc disease were severe impairments, but not of listing-level severity; (2) his subjective complaints were not fully credible; and (3) his residual functional capacity (RFC) precluded his past relevant work, but a vocational expert's testimony in response to a hypothetical showed that Watkins could perform

other jobs existing in substantial numbers. The Appeals Council denied review, and the district court affirmed. Upon careful review of the record and Watkins's arguments for reversal, see Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (standard of review), we conclude that certain aspects of the ALJ's decision are not supported by substantial evidence.[1]

Watkins contends that the ALJ erred in finding him not credible. Contrary to his suggestion, the ALJ was not required to discuss each of the requisite credibility factors, so long as he recognized and considered them in making his credibility determination. See Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010). We agree with the ALJ that Watkins's complaints of disabling pain from his physical problems are unsupported by the objective medical evidence, see Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (lack of objective medical evidence is relevant to credibility); and are inconsistent with Watkins's failure to seek ongoing treatment, see Halverson, 600 F.3d at 932 (subjective complaints may be discounted based on inconsistencies in record as whole); Casey v. Astrue, 503 F.3d 687, 693 (8th Cir. 2007) (failure to seek regular treatment is not consistent with complaints of disabling pain), and also with some of his reported strenuous daily activities, see Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) (inconsistencies between claimant's subjective complaints and his activities diminish his credibility). Because the ALJ's adverse credibility determination concerning Watkins's subjective physical complaints was based on several valid reasons, we defer to this determination. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008).

As to Watkins's subjective mental complaints, the treatment records do not support his assertion that his extensive reported plans and activities were exaggerated and symptomatic of his bipolar disorder, and so it was proper for the ALJ to rely on

_____

[1]We decline to consider some of Watkins's arguments--such as that the ALJ was required to complete an updated psychiatric review technique form--as they are clearly meritless or not developed.

these activities and plans in discounting Watkins's allegations of disabling psychiatric symptoms. See id. However, while the ALJ correctly noted that most of the treatment records reflected improvement of Watkins's mental condition with medication, see Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (where impairment can be controlled by treatment, it cannot be considered disabling), the later treatment records show a worsening of his mental condition, as they document paranoid thoughts and hallucinations or delusions, and the early 2006 mental-status-examination findings were almost entirely abnormal. Although the ALJ also correctly observed that the record reflected Watkins's repeated noncompliance with recommendations to return for follow-up or to take his prescribed medications, as Watkins points out, this court has recognized that a mentally ill claimant's noncompliance can be, and ordinarily is, the result of the mental impairment, and thus it is not deemed willful or unjustifiable. See Pate-Fires, 564 F.3d at 945-47 (collecting cases; noting ALJ's failure to make critical distinction between claimant's awareness of need to take medication and question whether claimant's noncompliance was medically determinable symptom of mental illness). Because the ALJ relied primarily on Watkins's noncompliance with treatment recommendations to discredit his allegedly disabling psychiatric symptoms, the ALJ's related adverse credibility determination is not entitled to deference.

Watkins also challenges the ALJ's RFC findings. We reject his challenge to the physical RFC findings, because the opinion of Dr. William Winston, who saw Watkins four times, was conclusory, see Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (to warrant controlling weight, treating physician's opinion must be supported by medically acceptable diagnostic tests and not be inconsistent with other substantial evidence); and the ALJ's physical RFC findings were not only more limited than those of consulting physician Harold Chakales, but also consistent with the treatment records and the decision to discredit--we conclude correctly--Watkins's related subjective complaints, see Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009) (RFC determination should be based on all relevant evidence, including medical

-3-

records, observations of treating physicians and others, and claimant's own description of his limitations).

The ALJ found, on the areas covered in a psychiatric review technique form (PRTF), that the record did not show more than moderate restrictions in daily activities; any significant deficit in social functioning, or in concentration, persistence, or pace; or actual episodes of deterioration or decompensation in work settings. As to mental RFC, he limited Watkins to jobs involving only routine interpersonal contact with others, and simple, routine, and repetitive tasks. The ALJ's PRTF findings are more restricted than those of Social Security Administration reviewing physicians, and the ALJ's mental RFC findings appear consistent with the global assessment of functioning ratings contained in the treatment records, which primarily reflected moderate impairments as of the alleged onset date. However, an RFC opinion is based in part on an assessment of a claimant's credibility and, as already noted, the ALJ's relevant credibility determination is not entitled to deference. We are also troubled by the absence of a mental RFC opinion in the record from Watkins's several treating psychiatrists, given that a social security hearing is a non-adversarial proceeding, and thus that an ALJ has a duty to develop the record fully, including seeking clarification from treating physicians if a crucial issue is underdeveloped or undeveloped. See Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006); see also Garza v. Barnhart, 397 F.3d 1087, 1089-90 (8th Cir. 2005) (per curiam) (ALJ's duty to develop record fully and fairly exists even when claimant is represented by counsel).

In summary, we conclude that substantial evidence does not support the ALJ's adverse credibility determination on Watkins's subjective mental complaints or the ALJ's mental RFC determination. The record also contains documented instances of Watkins's abuse of illegal drugs, and it is unclear whether his mental problems are linked to this abuse. See Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir. 2000) (claimant has initial burden of showing that alcoholism or drug use is not material to finding of

disability).  Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

COLLOTON, Circuit Judge, concurring in the judgment.

I disagree with the court's resolution of this appeal, because the opinion effectively applies an irrebuttable presumption that when a mentally impaired claimant fails to comply with a treatment regimen that would alleviate the impairment, the noncompliance is attributable to the mental impairment and thus not willful.  This presumption stems from dicta in *Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009), where a panel majority, citing four district court decisions but no empirical data, asserted that "federal courts have recognized a mentally ill person's noncompliance with psychiatric medications can be, *and usually is*, the result of the mental impairment itself and, therefore, neither willful nor without a justifiable excuse." *Id.* at 945 (emphasis added) (internal quotation omitted).

Whether noncompliance with prescribed treatment is justifiable is a factual question to be determined on the record of each case.  Whether it "usually is" the result of a mental impairment is an empirical question that cannot be answered on this record.  Here, the court cites no *evidence* to support a finding that Dennis Watkins's mental impairments caused his noncompliance, relying only on a presumption drawn from dicta in *Pate-Fires*.  There is some indication in the record that perhaps Watkins did not have sufficient money to purchase certain medications, A.R. 145, 147, or that he avoided some medication because of undesirable side effects, A.R. 137, but other evidence suggests that he was simply "too busy" caring for his family to pursue follow-up treatment.  A.R. 107, 111.  This evidence may or may not establish that there was a justification for noncompliance, but it does not support a finding that the noncompliance was caused by mental illness.

I would remand the case to the agency on a narrower ground. Where a claimant fails to pursue medical treatment for an impairment, Social Security Ruling 96-7p provides that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain the infrequent or irregular medical visits or failure to seek medical treatment." SSR 97-7p, 1996 WL 374186, at *7 (July 2, 1996). The ruling continues that the ALJ "may need to recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner." *Id.* The ALJ in this case did not question Watkins about his noncompliance and did not address evidence suggesting that noncompliance may have resulted from poverty or a dislike for side effects, either of which may excuse failure to pursue treatment. *Id.* at *8. Because the ALJ's opinion lacks an adequate discussion of these issues, I concur in the judgment remanding for further proceedings with respect to Watkins's mental condition. *See Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009).

_____