# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3538

_____

Pamela Rogers,                              *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Eastern District of Arkansas.
Michael J. Astrue, Commissioner,            *
Social Security Administration,             *   [UNPUBLISHED]
                                            *
            Appellee.                       *

_____

Submitted: June 6, 2012
Filed: July 6, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Pamela Rogers appeals from the district court's[1] order affirming the final decision of the Commissioner of Social Security, which denied her application for supplemental security income. Rogers alleged that she had been disabled since June 2007. After a hearing, an administrative law judge (ALJ) found that Rogers's impairments of anxiety disorder, depressive disorder, hypertension, degenerative joint

_____

[1]The Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

disease, and osteoarthritis of the hands were severe but did not meet or equal a listed impairment either singly or in combination; that her allegations regarding her limitations were not fully credible; that she had the residual functional capacity (RFC) to perform the exertional demands of light work with some additional limitations; that, based on the testimony of a vocational expert (VE), she could perform her past relevant work as a housekeeper; and that, alternatively, she could perform other jobs, such as hand packer. The Appeals Council denied review, and the district court affirmed.

Rogers argues that the ALJ erroneously omitted from the RFC, and from his hypothetical to the VE, her manual limitations, standing limitations, and mental limitations. We conclude that the ALJ properly included the physical limitations that he found supported by the record. See McCoy v. Astrue, 648 F.3d 605, 614 (8th Cir. 2011) (if ALJ explicitly discredits claimant and gives good reasons for doing so, this court normally defers to ALJ's credibility determination). In making the determination that Rogers's allegations regarding her limitations were not fully supported, the ALJ found the opinion of a one-time consulting doctor that Rogers had moderate limitations with carrying and handling objects and moderate limitations with standing was not consistent with the objective medical evidence, including the consulting doctor's own examination and the examinations of Rogers's treating doctors. See Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (ALJ may not discount subjective complaints solely on lack of objective medical evidence, but lack of such evidence is relevant to credibility); Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not substantial evidence); Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (ALJ may reject opinion of any medical expert where it is inconsistent with record as a whole). The ALJ also discounted Rogers's credibility based on inconsistent statements she had made, and based on the fact that she was able to engage in a wide range of activities. See Van Vickle v. Astrue, 539 F.3d 825, 828 (8th Cir. 2008) (ALJ may discount claimant's subjective complaints if there are

inconsistencies in record as a whole); <u>Pelkey v. Barnhart</u>, 433 F.3d 575, 578-79 (8th Cir. 2006) (discounting credibility based on reported daily activities).

As to the mental limitations included in the RFC assessment, the ALJ adopted the only RFC assessment included in the record, which was consistent with the medical evidence in the record. While Rogers was taking Xanax prescribed by her treating doctors for symptoms of anxiety, she indicated that the medication helped, <u>see</u> <u>Krogmeier v. Barnhart</u>, 294 F.3d 1019, 1024 (8th Cir. 2002) (symptoms controlled with medication are not disabling), and there is no indication that she sought treatment from a mental health specialist, even after one of her treating doctors recommended mental health treatment, <u>see</u> <u>Jones v. Callahan</u>, 122 F.3d 1148, 1153 (8th Cir. 1997) (ALJ properly considered factor that claimant was not undergoing any regular mental health treatment).

The judgment is affirmed.

_____