# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3316
_____

Michael Ray Westfall

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: May 4, 2016
Filed: May 19, 2016
[Unpublished]
_____

Before LOKEN, BYE, and KELLY, Circuit Judges.
_____

PER CURIAM.

Michael Ray Westfall appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Upon de novo review,

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

we agree with the district court that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole.  See Lott v. Colvin, 772 F.3d 546, 548-49 (8th Cir. 2014).  Specifically, we conclude that Westfall failed to meet his burden of showing that his mood disorder amounted to a severe impairment, see Kirby v. Astrue, 500 F.3d 705, 707-08 (8th Cir. 2007) (claimant bears burden of showing impairment is severe, i.e., that it has more than minimal effect on his ability to work); and that, under the circumstances, the ALJ was not required to develop the record on the mood disorder, see Mouser v. Astrue, 545 F.3d 634, 639 (8th Cir. 2008) (ALJ is not obliged to investigate claim not presented at time of application for benefits and not offered at hearing as basis for disability).  We further conclude that the ALJ's residual functional capacity (RFC) findings were consistent with the assessments and diagnostic test results, and with the ALJ's unchallenged determination that Westfall's subjective complaints were not entirely credible, see Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013) (RFC determination must be based on medical records, observations of treating physicians and others, and claimant's own description of his limitations; it must be supported by some medical evidence); and that Westfall did not establish a more restrictive RFC, see Martise v. Astrue, 641 F.3d 909, 923 (8th Cir. 2011) (burden of persuasion to prove disability and demonstrate RFC remains on claimant).  While treating physician's RFC opinions are entitled to deference, they do not automatically control, see Perkins v. Astrue, 648 F.3d 892, 897-98 (8th Cir. 2011); and a physician's opinion may be discounted when it is based largely on a claimant's own subjective reports of symptoms and limitations, see McDade v. Astrue, 720 F.3d 994, 999-1000 (8th Cir. 2013).  The judgment of the district court is affirmed.

_____