# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1640

_____

Christoper W. Rogers,

*Plaintiff - Appellant*,

v.

Nancy A. Berryhill, Acting Commissioner of Social Security,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: October 27, 2017
Filed: November 16, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Christopher W. Rogers appeals the district court's[1] order affirming the denial of disability insurance benefits. Based on de novo review of the record as a whole, we agree with the district court that substantial evidence supports the denial of benefits. *See Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Specifically, we find that the administrative law judge's (ALJ's) credibility determination is entitled to deference, because it was supported by good reasons and substantial evidence. *See Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016). Contrary to Rogers's assertion on appeal, the ALJ relied on more than the lack of objective medical evidence. The ALJ gave multiple other valid reasons for finding Rogers's subjective physical complaints not entirely credible: Rogers's failure to seek treatment regularly following his 2005 work-related back injury until March 2013, months after his September 2012 alleged onset date, which was inconsistent with his complaints of disabling pain, *see Casey v. Astrue*, 503 F.3d 687, 693 (8th Cir. 2007); the history of conservative treatment reflected by the record, *see Milam v. Colvin*, 794 F.3d 978, 984-85 (8th Cir. 2015); Rogers's failure to follow the orthopedist's recommendations to quit smoking and relying on high-dose narcotics, as the failure to follow a prescribed course of treatment may be grounds for denying application for benefits, *see Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008); and Rogers's reported daily activities, including routinely caring for his 3-year-old son and cleaning gutters while on a ladder, acts which are inconsistent with an assertion of disability, *see Chaney v. Colvin*, 812 F.3d 672, 677 (8th Cir. 2016).

As to Rogers's physical residual functional capacity (RFC), it was the ALJ's responsibility to determine RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and Rogers's own description of his limitations. *See Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Contrary

---

[1]The Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

to Rogers's assertion on appeal, the ALJ properly determined what weight to accord the RFC opinion of treating physician Kevin Jackson, because it was not supported by the objective medical evidence, including his own examination findings; he and other treating physicians prescribed only conservative treatment; and a treating physician's opinion does not automatically control. *See Perkins v. Astrue*, 648 F.3d 892, 897-99 (8th Cir. 2011). As to the RFC opinion of consulting physician Shannon Brownfield, the ALJ gave his opinion substantial weight, and we see no error in how the ALJ incorporated the limitations Dr. Brownfield assigned to Rogers into the RFC. In sum, Rogers fell short of meeting his burden of establishing that his RFC was more restricted than the ALJ determined. *See Hensley v. Colvin*, 829 F.3d 926, 931-32 (8th Cir. 2016). The judgment of the district court is affirmed.

_____