# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3512

_____

Ben Hensley,                                        *
                                                    *
            Appellant,                              *
                                                    *   Appeal from the United States
      v.                                            *   District Court for the
                                                    *   Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,                  *
Social Security Administration,                     *
                                                    *
            Appellee.                               *

_____

Submitted:  March 14, 2003

Filed:  December 9, 2003

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Ben Hensley appeals the decision of the District Court[1] affirming the denial of his application for social security disability benefits. On appeal, Hensley urges that the ALJ erred when it concluded that he could physically perform the full range of sedentary work, when it discounted the opinions of his treating physician, and when it determined that he was not illiterate. We affirm.

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

Hensley, who is now forty-two years old, worked off and on as an unskilled laborer in various occupations before he injured his back in a work accident in 1993. The accident, which resulted in a compression fracture of his L4 vertebra and a possibly-herniated disc between the L4 and L5 vertebrae, left Hensley with chronic lower back pain and a lumbar disk bulge. Following the accident, Hensley was unable to return to work or undertake many daily life activities, though he has cared for his younger, disabled sister and, more recently, assisted with the care of his own young children. Hensley sought disability benefits for his back injuries, for persistent dizzy spells, and for depression.

Although we review a district court's decision upholding the denial of social security benefits de novo, Lauer v. Apfel, 245 F.3d 700, 702 (8th Cir. 2001), our review of the Social Security Commissioner's final decision is deferential; we review that decision only to ensure that it is supported by "substantial evidence in the record as a whole," Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). We also review the record mindful of the ALJ's "duty to develop the record fully and fairly" during the claimant's hearings, which are non-adversarial. Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir. 1992) (quoting Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983)). We agree that this is a close case, one that has previously been remanded by a district court for further administrative proceedings. Still, our task is simply to review the record for legal error and to ensure that the factual findings are supported by substantial evidence. We may not reverse merely because the evidence is capable of supporting the opposite conclusion. Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995).

Social Security disability determinations are made using the familiar five-part inquiry. See 20 C.F.R. §§ 404.1520 & 416.920 (2003). In this case, the parties largely agree about the outcome of the first four steps: that Hensley has not engaged in substantial gainful activity since he was injured; that his injury and other conditions amount to a severe impairment; that these impairments are not of listing-

level severity; and that his impairments prevent him from doing his past relevant work. Because both parties agree that Hensley can no longer work as an unskilled laborer, the crux of this case concerns Hensley's ability to engage in substantial gainful activity; i.e., whether Hensley is able to perform other work in the national economy in view of his age, education, and experience. See id. § 404.1520(f).

In a situation like Hensley's, where the claimant's impairments prevent him from performing his past relevant work, the claim must be considered in light of several vocational factors (age, education, and work experience) and the individual's residual functional capacity. Id. The result of this inquiry determines whether the individual is disabled or can still engage in "substantial gainful activity." See id.; 20 C.F.R. § 404, Pt. 404, Subpt. P., App. 2, § 200.00 (2003). Once the ALJ has made these findings, the claimant's case may be evaluated within the Grid Rules and "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. § 404, Pt. 404, Subpt. P., App. 2, § 200.00(a).

In this case, the ALJ determined, and the Commissioner agreed, that Hensley retained the residual functional capacity to perform the full range of sedentary work and, considering his age, education, and work experience, that Hensley was not legally disabled. Social Security Administration Decision at 11–12 (July 28, 2000). The ALJ's decision was based in part on its determination that at least some of Hensley's subjective complaints regarding pain and persistent dizziness were not supported by the relevant medical evidence. In addition, the ALJ determined that Hensley possessed at least a limited education and was not illiterate. On appeal, Hensley urges that the ALJ erred when it concluded that he could physically perform the full range of sedentary work, when it discounted the opinions of his treating physician, and when it concluded that he was not illiterate.

The ALJ's determination that Hensley is able to perform the full range of sedentary work is supported by substantial evidence. Although Hensley points to the opinion of his treating physicians, Drs. Hackbarth and Maglothin, as evidence that he is disabled, the ALJ discounted that evidence for two main reasons. First, the opinions of Hensley's treating physicians tended to conflict with that given by Dr. Rica, who is a specialist and whose opinion is generally entitled to more weight. 20 C.F.R. § 404.1527(d)(5); Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994). Second, Dr. Rica's observations—that Hensley's mobility was less limited than claimed—tended to agree with Hensley's own statements in which he admitted that he cared for his disabled sister and his own two children. Dr. Rica's conclusions also accorded with the fact that few if any functional limitations were placed on Hensley by his other doctors. See Smith v. Shalala, 987 F.2d 1371, 1374–75 (8th Cir. 1993). The ALJ also provided multiple valid reasons for not crediting Hensley's own subjective complaints of disabling pain. In these circumstances, we cannot say that the decision to discount Drs. Hackbarth and Maglothin's opinions and the claimant's own complaints was not supported by substantial evidence. Hensley also urges that the ALJ should have credited the "To Whom it May Concern" letter written by Beverly Mitchell, a Registered Nurse Practitioner, which opined that Hensley was presently unable to work. Admin. Trans. at 166 ("We feel Mr. Hensley is unable to work at this time and would appreciate any help you can give him with food stamps."). However, Mitchell's letter was written expressly for the purpose of securing food-stamp benefits for Hensley and, as a RNP, her opinion is not an acceptable source of medical evidence of impairment for social security disability determination purposes. 20 C.F.R. § 404.1513(a) (listing acceptable sources of medical evidence to establish impairments).

As for Hensley's claims of persistent dizziness and blackout spells, the ALJ's determination that he was not disabled based upon this condition is well supported in the record. First, the CT-scan ordered by his physician was normal. Second, although his physician noted a change in blood pressure when Hensley changed

position (which could cause the condition), Hensley was only advised to drink plenty of fluids during hot weather. Finally, no functional restrictions were placed on Hensley's activities, a fact that we have previously noted is inconsistent with a claim of disability. Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999); Smith, 987 F.2d at 1374–75.

Hensley also contends that he is disabled because he suffers from depression. However, Hensley did not allege that he was disabled based on depression in his second application for benefits and did not raise the point in his hearing. Further, he has not sought, or been referred for, professional mental health treatment. The mere fact that Hensley has been prescribed antidepressants on at least one occasion is not enough to require the ALJ to inquire further into the condition by ordering a psychological evaluation. Matthews v. Bowen, 879 F.2d 422, 424–25 (8th Cir. 1989).

Finally, Hensley argues that the ALJ's determination that he was literate is not supported by substantial evidence. Although there may not be substantial evidence in the record as a whole to support the ALJ's finding that Hensley has at least an eighth-grade education and is literate, any resulting error is harmless in this case. Whether this case is considered under rule 201.23 ("Illiterate") or rule 201.24 (limited education), Hensley would not be found disabled under the Grid Rules. See 20 C.F.R. pt. 404, Subpt. P, App. 2, Tbl. 1, Rules 201.23–201.24. Where the government proves an individual's vocational factors and residual functional capacity match those of a particular Grid Rule, the Grid Rule promulgated by the Secretary fully accounts for the effect an individual's education (or lack thereof) has on his or her ability to perform work in the national economy; consequently, this ends our inquiry. See id. at § 200.00(a); Heckler v. Campbell, 461 U.S. 458, 461–62 (1983).

For the foregoing reasons, the decision of the District Court is affirmed.

_____