# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3130

_____

| | | |
|---|---|---|
| Maureen Slater, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Jo Anne B. Barnhart, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: March 12, 2004
Filed: June 17, 2004

_____

Before RILEY and MELLOY, Circuit Judges and ERICKSON,[1] District Judge.

_____

MELLOY, Circuit Judge.

Maureen Slater appeals from the final judgment entered in the District Court[2] for the Western District of Missouri affirming the Commissioner's decision to deny

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, hearing the case for final disposition pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Slater's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. For the reasons below, we affirm the judgment of the district court.

We conclude that substantial evidence supports the ALJ's findings. See Hensley v. Barnhart, 352 F.3d 353, 355 (8th Cir. 2003) (standard of review). The ALJ found that Slater had severe impairments but that alcoholism or drug addiction was a contributing factor to the determination that she was disabled. Where drug or alcohol abuse is a contributing factor to the determination of the disability, a plaintiff is not entitled to disability benefits unless she would be disabled if she stopped using drugs and alcohol. 42 U.S.C. § 423(d)(2)(C); Estes v. Barnhart, 275 F.3d 722, 724-725 (8th Cir. 2002) ("'An individual is not considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" (quoting 42 U.S.C. § 423(d)(2)(C))). There is substantial evidence on the record to support this finding. For example, the record is filled with evidence of drug abuse, alcohol abuse, and drug-seeking behavior, including lying and manipulating others to obtain prescription drugs, self-medicating and failing to follow recommended treatments, drinking six bottles of beer and a bottle of wine daily, and overdosing.

After eliminating the effects of drugs and alcohol, Slater was, at most, prevented from lifting more than ten pounds and from prolonged standing and walking. The ALJ found that she was capable of performing substantial gainful activity and was not disabled. In fact, after claiming disability benefits, she reported working over sixty hours per week as an advertising consultant. Additionally, she traveled regularly. Given her relatively young age and college education, the ALJ rightly concluded that, absent drug and alcohol abuse, Slater could perform other work in the national economy. See 20 C.F.R. § 404.1563-.1564.

We find Slater's testimony to be contradictory and her arguments suggesting that the ALJ improperly weighed the treating physician's assessment and improperly determined her residual functional capacity to be meritless.

We affirm the judgment of the district court.

_____