Arthur L. SCHIEL, Plaintiff—
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant—
Appellee.

No. 06–15879.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2008 *.

Filed Feb. 21, 2008.

James H. Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

Jean M. Turk, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: D.W. NELSON and HAWKINS, Circuit Judges, and TIMLIN **, District Judge.

MEMORANDUM ***

Arthur Schiel appeals a grant of summary judgment validating the denial of his claim for Social Security disability insurance benefits under Title II of the Social Security Act. We reverse and direct the district court to remand to the Commissioner of Social Security for further proceedings.

An Administrative Law Judge ("ALJ") must consider whether an older age category would be more appropriate when "you are within a few days to a few months of reaching an older age category, and using the older age category would result

---

* The panel unanimously finds this case suitable for submission without oral argument.  Fed. R.App. P. 34(a)(2).

** The Honorable Robert J. Timlin, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in a determination or decision that you are disabled." 20 C.F.R. § 404.1563(b). Schiel was fifty-four years and eleven months old on the date he was last insured. Under Medical–Vocational Guidelines Rule 202.02, a person one month older than Schiel with non-transferable skills or semi-skills would be deemed disabled. Since the grids might enable a finding of disability, the ALJ must consider application of the older age category. Additionally, *Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir.1989), requires that the ALJ reject any vocational expert testimony inconsistent with the consideration required by the grids. *Id.* ("[T]he regulations [ ] require the Secretary to reject vocational testimony that is inconsistent with the grids' overall framework.").

The hearing transcripts and ALJ decision do not reflect consideration of Schiel's borderline age status. Although the ALJ sought testimony of a vocational expert, he directed the expert not to consider age in his testimony. Moreover, the discussion section of the ALJ's decision makes no mention of 20 C.F.R. § 404.1563(b) or the claimant's one-month proximity to "person of advanced age" status under 20 C.F.R. § 404.1563(e). For these reasons, the record does not provide sufficient basis for review.

We conclude that the other challenges by Schiel to the ALJ's findings are without merit. Substantial evidence supports the findings regarding mental impairments and residual functional capacity.

REVERSED with instructions to the district court to REMAND this case to the Commissioner of Social Security for fur-

* The panel unanimously finds this case suitable for decision without oral argument pursuant

ther proceedings consistent with this memorandum disposition.