# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 08-1066

—————

Sherrie L. Howe,

        Appellant,

v.

Michael J. Astrue,
Commissioner of Social Security,

        Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Western
\*  District of Missouri.
\*
\*  [UNPUBLISHED]
\*
\*

—————

Submitted: October 5, 2009
Filed: October 8, 2009

—————

Before BYE, BOWMAN, and BENTON, Circuit Judges.

—————

PER CURIAM.

Sherrie L. Howe appeals the district court's[1] order affirming the denial of disability insurance benefits. Howe alleged disability since July 2003 from a pinched sciatic nerve and problems with her low back and left knee. Following a February 2006 hearing, where Howe was counseled and added depression as a basis for disability, an administrative law judge (ALJ) determined that (1) Howe's severe

---

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

impairments--depression/anxiety, back pain, and knee pain with evidence of cartilage and meniscus damage--did not meet or equal the requirements of any listing; (2) her subjective complaints were not credible; (3) her residual functional capacity (RFC) precluded return to her past relevant work; but (4) based on the testimony of a vocational expert (VE) in response to a hypothetical the ALJ posed, Howe could perform other specified jobs existing in substantial numbers in Missouri and nationally. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record, including the new evidence offered to the Appeals Council, we find no basis for reversal. See Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008) (standard of review).

Contrary to Howe's contention, the mental RFC findings of Howe's treating psychiatrist Donald Simmons were not conclusive, because they were inconsistent with his treatment records--which were transcribed for the Appeals Council--and with Dr. Simmons's May 2004 report to a Social Security Administration (SSA) psychologist.[2] See Finch v. Astrue, 547 F.3d 933, 936 (8th Cir. 2008) (treating physician's well-supported opinion is generally accorded substantial weight, but it is not conclusive, as record must be evaluated as whole); Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (ALJ properly rejected treating doctor's assessment of claimant's mental limitations in part because assessment was inconsistent with doctor's own treatment notes). To the extent Howe's remaining arguments are developed sufficiently to warrant review, see JCB, Inc. v. Union Planters Bank, NA, 539 F.3d 862, 875 n.8 (8th Cir. 2008), the ALJ's credibility determination is entitled to deference as it is supported by several valid reasons, see Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005); the ALJ's RFC findings included limitations from emotional problems which are consistent with the record, see Moore v. Astrue, 572 F.3d 520,

---

[2]Howe provided the Appeals Council with Dr. Simmons's letter denying recollection of a statement he made to the SSA psychologist, but Dr. Simmons signed the report-of-contact form the SSA sent him, and it reflects that Howe's prognosis was good with continued treatment compliance.

523 (8th Cir. 2009) (ALJ should determine RFC based on medical records, observations of treating physicians and others, and claimant's description of her limitations); and we find no support for Howe's suggestion that the requirements for the jobs the VE identified are incompatible with limitations outlined in the ALJ's hypothetical.

Accordingly, we affirm.

_____