# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2983

_____

George Lester Fullerton, Jr.,     *
                                  *

         Appellant,             *    Appeal from the United States
                                       *    District Court for the
    v.                               *    Eastern District of Arkansas.
                                         *

Michael J. Astrue, Commissioner,    *         [UNPUBLISHED]
Social Security Administration,      *
                                           *

         Appellee.              *

_____

Submitted: February 3, 2012
Filed: February 8, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

George Lester Fullerton, Jr., appeals from the order of the District Court[1] affirming the denial of supplemental security income (SSI) before June 3, 2007 (the date Fullerton turned fifty), and the denial of disability insurance benefits (DIB). We review de novo. Partee v. Astrue, 638 F.3d 860, 863 (8th Cir. 2011). We conclude that substantial evidence on the record as a whole supports the decision of the

_____

[1]The Honorable Beth M. Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

administrative law judge (ALJ), including the ALJ's determination of Fullerton's residual functional capacity. See Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009). We note that the distinctions in the Medical-Vocational Guidelines between "younger individuals" who are eighteen to forty-four and those who are forty-five to forty-nine, for purposes of determining disability, are irrelevant in Fullerton's case because his past work experience was skilled and he admittedly completed the eleventh grade. These factors foreclosed a finding of disability before the age of fifty. See 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.00(h); id. table 1, rules 201.19–.20, 201.25–.26; see also 20 C.F.R. §§ 404.1563(c) (DIB), 416.963(c) (SSI) (defining "younger person"); 404.1564 (b)(3) (DIB), 416.964(b)(3) (SSI) (defining "limited education"). Only after Fullerton turned fifty, and his age category (fifty to fifty-four) changed to "person closely approaching advanced age," did the Medical-Vocational Guidelines direct a finding of disabled (regardless of whether Fullerton completed only the eleventh grade or was a high school graduate), based on the ALJ's determination that Fullerton had no transferable skills. See 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, rules 201.10, 201.14; see also 20 C.F.R. §§ 404.1563(d) (DIB), 416.963(d) (SSI) (defining "person closely approaching advanced age"). Thus, on June 3, 2007, Fullerton was entitled to SSI, but he no longer qualified for DIB, because his insured status expired on December 31, 2005. See Dipple v. Astrue, 601 F.3d 833, 834 (8th Cir. 2010) (requiring DIB claimant to prove that he was disabled before the date he was last insured). As to the errors Fullerton identifies in the ALJ's opinion, although we find some of them troubling, we conclude that they do not affect the final outcome.[2]

We affirm the District Court.

_____

---

[2]We decline to consider the new arguments Fullerton raises on appeal or the new materials he has submitted with his appeal. See Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997); Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997).