# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1969

_____

| | | |
|---|---|---|
| Diana Phillips, | * | |
| | * | |
| Plaintiff – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Michael J. Astrue, Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant – Appellee. | * | |

_____

Submitted: January 10, 2012
Filed: February 29, 2012

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Diana Phillips filed applications for supplemental security income benefits and disabled widow's benefits. In conjunction with the medical-vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the Administrative Law Judge (ALJ) found Phillips was not disabled. After granting review, the Appeals Council, and later the district court, affirmed the ALJ's finding. The sole issue in this appeal is whether the Commissioner failed to consider whether Phillips, who was four months shy of her fifty-fifth birthday, should have been classified as being of "advanced age," rather than "closely approaching advanced age," which impacts her disability determination. Because we are unable to determine from the record whether the Commissioner

considered whether Phillips should be moved to the higher age category, we remand the case for further proceedings.

I

The ALJ evaluated Phillips's claims for benefits under the familiar five-step process proscribed by the Social Security regulations.[1] The ALJ found Phillips had not engaged in substantial gainful activity since July 13, 2006—the date of her application for benefits. The ALJ further found Phillips suffered from diabetes mellitus and diabetic neuropathy. Although the ALJ determined Phillips had no past relevant work, the ALJ found she had the residual functional capacity (RFC) for light work. A vocational expert also testified that an individual who could perform light work could perform work in the national economy as a sales clerk. While Phillips was a "younger individual" at the time her application was filed, the ALJ noted she subsequently changed age categories to "closely approaching advanced age." Based on Phillips's age, education, work experience, and RFC, the ALJ determined she could perform work as a sales clerk and a security guard. Thus, the ALJ concluded Phillips was not disabled.

The Appeals Council granted review of the ALJ's decision. The Council included Phillips's previously-asserted disabled widow's claim in its decision, and it moved the onset date of her claim to January 1, 2006, in order to cover this claim. Adopting the ALJ's findings, the Council agreed Phillips could perform the full range of light work. The Council recognized Phillips was 54 years old, or "closely approaching advanced age." Accordingly, the Council applied Rule 202.13 of the

---

[1]"The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment is or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work." King v. Astrue, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

-2-

medical-vocational guidelines, which directed a finding of "not disabled." Phillips sought judicial review of this decision, and the district court affirmed. Phillips now appeals to this court.

II

"We review de novo the District Court's determination of whether substantial evidence on the record as a whole supports the ALJ's decision." Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir. 2006). "Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole," which "is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." Moore v. Astrue, 572 F.3d 520, 522 (8th Cir. 2009) (internal quotation marks and citation omitted).

The medical-vocational guidelines, or grids, "are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability." McCoy v. Astrue, 648 F.3d 605, 613 (8th Cir. 2011) (citing 20 C.F.R. Part 404, Subpt. P, App. 2). The grids come into play at step five of the analysis, where "the burden shifts to the Commissioner to show that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience." Holley v. Massanari, 253 F.3d 1088, 1093 (8th Cir. 2001). "If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the Tables in Appendix 2 to Part 404, then the ALJ must reach the conclusion (either 'disabled' or 'not disabled') directed by the relevant Rule or line of the applicable Table." Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993) (internal quotation marks and citation omitted).

Under the guidelines, three age categories are specified: a younger person (under age 50), a person closely approaching advanced age (ages 50-54), and a person

of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)-(e); see also 20 C.F.R. 416.963(c)-(e). In this case, since the Council determined Phillips was 54 years old at the time of the ALJ's decision, and thus she was "closely approaching advanced age," it applied Rule 202.13 of the grids to find Phillips not disabled. Notably, if Phillips had been classified as being of "advanced age," the grids would direct a finding of disability. See 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.04.

Accordingly, Phillips's appeal centers on her age categorization, which is vital to her disability determination. Under the regulations, the age categories are not applied mechanically in a borderline situation. 20 C.F.R. § 404.1563(b). Instead, if a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the agency] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case." Id. To determine whether to apply the claimant's chronological age or the higher age, the Council adopted a "sliding scale" approach whereby "the claimant must show progressively more additional vocational adversity(ies)—to support use of the higher age—as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." Application of the Medical-Vocational Guidelines in Borderline Age Situations, Soc. Sec. Admin., Office of Hearings and Appeals, Hearings, Appeals, and Litigation Law Manual (HALLEX) II-5-3-2, available at http://www.socialsecurity.gov/OP_Home/hallex/II-05/II-5-3-2.html. If the claimant does not show "additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age—even when the time period is only a few days [and] [t]he adjudicator need not explain his or her use of the claimant's chronological age." Id.

In this asserted borderline situation, Phillips argues she has at least two additional vocational adversities—reduced vision and no past relevant work—justifying the use of the higher age category, which would result in a finding

of disability under the grids. Although Phillips concedes the Council was not required to apply the higher age category, she argues there is nothing in the Council's decision to indicate the Council considered applying the older age category, which it is required to do. Therefore, she argues the Council's decision—the Commissioner's final decision in this case—is not supported by substantial evidence. See Hulsey v. Astrue, 622 F.3d 917, 922 (8th Cir. 2010) ("We review the most recent decision of the Appeals Council, which is the Commissioner's final decision denying benefits.").

## A. Borderline Situation

We must first examine whether a borderline situation exists, given that Phillips was four months shy of her fifty-fifth birthday at the time of the ALJ's decision. Exactly what constitutes a borderline situation is not defined by statute or regulation, other than the "few days to a few months" language mentioned above.

Phillips argues a consensus has developed establishing a borderline situation exists where the claimant is within six months from the next age category. See Lewis v. Comm'r of Soc. Sec., 666 F. Supp. 2d 730, 738 (E.D. Mich. 2009) ("Generally, courts hold that a person within six months of the next higher age category is considered 'borderline.'"); Gallagher v. Astrue, No. 08-cv-163-PB, 2009 WL 929923, at *6 (D.N.H. April 3, 2009) ("Although the courts have varied in their interpretation of in what period of time the borderline range falls, the general consensus is that the borderline range falls somewhere around six months from the older age category.") (internal quotation marks and citation omitted). The Commissioner asserts no such fixed guidelines exist, and courts have concluded a borderline situation did not exist where the claimant was four months from the older age category. See Woods v. Chater, No. C 95-1748 SI, 1996 WL 570490, at *5 (N.D. Cal. Sept. 27, 1996) ("[F]our months does not appear to be in the borderline under the circumstances of this case.").

We decline to draw a bright line for purposes of this case. See Holland v. Comm'r of Soc. Sec., No. 10-1019, 2012 WL 11052, at *1 n.1 (W.D. Pa. Jan. 3, 2012) ("[C]ourts have held that there is no brightline rule for what constitutes a borderline situation."). Our review of the case law and the circumstances of this case satisfies us that Phillips's four-month time period constitutes a borderline situation. Importantly, in addition to the close time period between the categories, we conclude Phillips established at least one additional vocational adversity justifying the use of the higher age category. Namely, Phillips has no past relevant work, which in certain circumstances may be sufficient to establish an additional vocational adversity:

> **Work experience:** Because no past relevant work is more adverse than other work experience categories, the adjudicator considers whether no past relevant work might be an additional vocational adversity except when using a rule that an individual can meet only by having no past relevant work experience.

> **EXAMPLE:** Medical-vocational rule 203.02 requires no past relevant work, so "no past relevant work" could not be considered an additional adversity when using this rule.

> Medical-vocational rule 203.01 requires unskilled or no past relevant work experience. No past relevant work could be considered an additional adversity when using this rule because it is a more adverse vocational factor than unskilled past relevant work.

Social Security Administration, Program Operations Manual System (POMS) § DI 25001.001 (Medical-Vocational Quick Reference Guide), available at https://secure.ssa.gov/poms.nsf/lnx/0425001001#b2. Like the example cited above, Rule 202.04, which would direct a finding of disability in this case if Phillips was classified as being of "advanced age," requires unskilled or no past relevant work experience, and thus, no past relevant work could be considered an additional adversity because it is a more adverse factor than unskilled past relevant work.

-6-

In sum, we conclude a borderline situation existed because Phillips was four months shy of her fifty-fifth birthday, she established at least one additional vocational adversity, and if the higher age category were used, it would result in a determination of disability. Therefore, while the Commissioner was not required to apply the higher age category, he was required to consider applying the next category.

## B. Whether the Commissioner Considered the Older Age Category

Next, the parties argue whether the Commissioner did, in fact, consider the older age category. The Commissioner argues the plain language of 20 C.F.R. § 404.1563(b) imposes no requirement to make specific findings in borderline situations. The Commissioner also claims the Appeals Council specifically mentioned Phillips's date of birth and found she was 54 years old, or a "person closely approaching advanced age," and the ALJ cited 20 C.F.R. § 404.963. The Commissioner contends these findings show the proper consideration was made.

Like the issue of whether a borderline situation exists, the case law on the Commissioner's duties in considering such a situation varies. The Third Circuit appears to have addressed the issue first in Kane v. Heckler, 776 F.2d 1130 (3d Cir. 1985), where it remanded because the ALJ failed to address 20 C.F.R. § 404.1563(a). Because this consideration could alter the disability finding, the court stated "judicial approval of these standards is premised on the assurance that SSA will not employ [the grids] to produce arbitrary results in individual cases." Id. at 1134. Although the court did not specify what findings are required, it remanded for the ALJ to consider which category to apply under the circumstances of the case. Id.

Furthering the import of Kane, the Tenth Circuit also remanded in a borderline situation in Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998). By failing to consider the borderline situation, the Tenth Circuit determined the Commissioner misapplied the law by relying on the grids. Id. at 1135. In sum, the court concluded, "[l]ike any

factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence." Id. at 1136.

While Kane and Daniels support Phillips's position, subsequent case law casts doubt on the issue. First, in Bowie v. Commissioner of Social Security, 539 F.3d 395 (6th Cir. 2008), the Sixth Circuit considered a case where the ALJ found a claimant was a "younger individual" and cited § 404.1563, but otherwise did not discuss the claimant's age characterization, even though the claimant was within two months of the next category. Id. at 397. According to the court:

> While an ALJ may need to provide, in cases where the record indicates that use of a higher age category is appropriate, some indication that he considered borderline age categorization in order to satisfy a reviewing court that his decision is supported by substantial evidence, § 1563(b) does not impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case.

Id. at 399. Notably, while ALJs are not to apply the categories mechanically, the court determined "nothing in this language obligates an ALJ to address a claimant's borderline age situation in his opinion or explain his thought process in arriving at a particular age-category determination," because the regulations only require the Commissioner to "'consider' veering from the chronological-age default in borderline situations." Id. The court found further support in the internal regulations, which note, "'[t]he adjudicator need not explain his or her use of the claimant's chronological age.'" Id. at 400 (quoting HALLEX II-5-3-2, 2003 WL 25498826).

Despite the lack of a procedural requirement to make factual findings, Bowie acknowledged ALJs must still "provide enough explanation of their overall disability determinations to assure reviewers that their decisions are supported by substantial evidence" and "lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence." Id. at 400-01. As an

example, the court cited a scenario where an individual has additional vocational adversities which might warrant placement in a higher age category; in that situation, Bowie recognized "some discussion of proper age categorization [was merited] in order to meet the substantial-evidence threshold." Id. at 401. However, because the claimant in Bowie did not have any additional vocational adversities, the court concluded the ultimate benefits determination was supported by substantial evidence. Id.; see also Caudill v. Comm'r of Soc. Sec., 424 F. App'x 510, 516-518 (6th Cir. 2011) (noting although the claimant was about two months from the next category and his case drew similarities to the hypothetical posed in Bowie, "the ALJ provided a sufficient explanation of his disability determination to assure the court that his decision was supported by substantial evidence"). Bowie also noted the sliding scale approach, whereby additional vocational adversities are considered, was published after Kane and Daniels, thus distinguishing those cases. 539 F.3d at 402-03.

We note Bowie reached its conclusion over a strong dissent, which recognized: "[t]hat the HALLEX guidelines do not require the ALJ to give an explanation for his discretionary decision not to bump up the age of a claimant with a borderline age status does not mean that §§ 404.1563 and 404.953 do not require the ALJ to note whether he has even considered the claimant's potential borderline status." 539 F.3d at 404 (Moore, J., dissenting). The dissent ultimately concluded "[w]e cannot review on appeal whether the ALJ [applied the grid mechanically] if the ALJ gives absolutely no indication whether he or she even considered the claimant's borderline status." Id. Rather, the dissent acknowledged the ALJ need not explain his or her decision, even if it would be preferable—"but at a minimum he has to note that he considered whether to do so in a non-mechanistic manner." Id.

Finally, the Ninth Circuit took up the issue in Lockwood v. Commissioner of Social Security Administration, 616 F.3d 1068 (9th Cir. 2010), where it concluded the ALJ satisfied the requirement to consider the older age category based on her mention of the claimant's date of birth, age category of "closely approaching advanced age,"

and cite to § 404.1563. Id. at 1071-72. The court noted, "[c]learly the ALJ was aware that [the claimant] was just shy of her 55th birthday, at which point she would become a person of advanced age." Id. at 1072. The court disagreed with the Tenth Circuit to the extent the ALJ was required to do more than "show [] that she considered whether to use the older age category." Id. at 1072 n.4.

Based on the varying case law, this case presents a close question. Ultimately, we are more persuaded by the Daniels and Kane line of reasoning than Bowie and Lockwood, largely for the reasons set forth in the Bowie dissent. Namely, whether the Commissioner must set forth specific findings is a different question than whether there is something in the record to indicate the Commissioner considered applying the higher age category. But see Lewis, 666 F. Supp. 2d at 736 ("If application of the higher category would result in a finding of 'disabled,' the ALJ is required to make a factual finding as to whether the higher category should be used."). To this end, we agree with the Commissioner that detailed findings in borderline situations are not necessary. However, it is this court's job to review whether substantial evidence exists to support the Commissioner's decision, and we simply cannot complete this review without some showing as to the Commissioner's consideration of applying the higher age category, which he indisputably is required to do. See Lucas v. Barnhart, 184 F. App'x 204, 208 (3d Cir. 2006) ("Because the record does not contain factual findings relevant to the § 404.1563(b) inquiry into whether [the claimant] was entitled to consideration under Rule 202.06 as a borderline age case, we conclude that the SSA's decision that he is ineligible for benefits under that rule *prior* to his 55th birthday, July 15, 2003, is unsupported by substantial evidence.") (emphasis in original); Cox v. Apfel, 166 F.3d 346, at *4 (10th Cir. 1998) (unpublished) ("[B]ecause plaintiff was within six months of the next age category, that is, advanced age, at the time the ALJ issued his decision, he erred by not addressing whether plaintiff was of borderline age before choosing a rule from the grids."). Indeed, a mere statement by the Commissioner that he considered the borderline situation would likely suffice. See Van Der Maas v. Comm'r of Soc. Sec., 198 F. App'x 521, 527 (6th

-10-

Cir. 2006) ("The ALJ . . . determined that 'it is not appropriate to consider the claimant to be an individual of advanced age on her date last insured for benefits.'").

Although Bowie and Lockwood held otherwise, even those cases acknowledge the ALJ must "show [] that she considered whether to use the older age category." Lockwood, 616 F.3d at 1072 n.4; see Bowie, 539 F.3d at 400 (noting ALJs have an obligation to provide sufficient explanation to reviewing courts). From there, Bowie becomes distinguishable because no additional vocational adversities existed to support the use of the higher age category, which played a pivotal role in the decision. 539 F.3d at 401. Here, as discussed above, Phillips established at least one additional vocational adversity to support the use of the higher age category.

Lockwood is more squarely on point, because the ALJ there found the claimant was 54 years old, was "closely approaching advanced age," and cited § 404.1563, which are essentially the same findings made here. Nonetheless, to the extent Lockwood concluded these findings are sufficient to show the Commissioner considered the borderline situation, we disagree. Simply noting Phillips's age and her current age category fails to answer the precise question at hand—whether her borderline situation warranted moving her to the next category. While the ALJ's cite to the general regulation comes closer to the issue, the cite was in reference to Phillips changing from a younger individual at the time her claim was filed to a person closely approaching advanced age at the time of the decision. Again, the finding had nothing to do with the issue at hand—whether there was a borderline situation justifying the use of the higher age category. Whether viewed in isolation or as a whole, the findings of Phillips's age, current age category, and intermediate change in categories go more toward a mechanical application of the regulations than a consideration of a borderline situation.

In sum, regardless of the direction to ALJs by the internal regulations as to the lack of fact findings needed, this court still needs to have substantial evidence to

support an ALJ's decision. See Moore, 572 F.3d at 522 ("Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole.") (internal quotation marks and citation omitted); see also 20 C.F.R. § 404.953(a) ("The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision."). "In a case in which the claimant's age indicates that he or she might well fall within a borderline age category, the ALJ's failure to note that the ALJ has considered whether a claimant falls within a borderline category and, if so, whether bumping the claimant up is warranted, constitutes a failure to offer findings of fact and reasons for the decision." Bowie, 539 F.3d at 404 (Moore, J., dissenting). Because we are unable to determine from the record if the Commissioner considered whether Phillips should be moved to the higher age category, substantial evidence does not support the Commissioner's decision. See Hitchcock v. Comm'r of Soc. Sec. Admin., No. 09-551, 2009 WL 5178806, at *10 (W.D. Pa. Dec. 21, 2009) ("[S]ince there is no discussion as to Plaintiff's borderline age, substantial evidence does not exist in the record to support that the ALJ did not mechanically apply the Medical-Vocational Guidelines."); Schiel v. Comm'r of Soc. Sec., 267 F. App'x 660, 661 (9th Cir. 2008) (unpublished) (concluding the record did not provide a sufficient basis for review because the transcripts and decision did not show any consideration of the borderline age situation). Accordingly, we vacate the district court's judgment and remand the case with instructions to remand the matter to the Commissioner for further proceedings consistent with this opinion.

WOLLMAN, Circuit Judge, dissenting.

The ALJ noted Phillips's date of birth and cited 20 C.F.R. § 404.1563. Likewise, the Appeals Council specifically mentioned Phillips's date of birth, finding that she was 54 years old, which perforce rendered her a person closely approaching advanced age at the time of the ALJ's decision. These references satisfy me that both

the ALJ and the Appeals Council considered the use of the older age category in determining that Phillips was not disabled.

Although the majority opinion attempts to minimize the necessity of detailed findings in every "closely approaching advanced age" case ("a mere statement by the Commissioner that he considered the borderline situation would likely suffice") we can be sure that unsuccessful claimants will not agree. Indeed, the thrust, if not the specific holding, of the majority opinion is that specific findings will be required in the vast majority of these cases. In the abstract, this may be a desirable result. After all, the Social Security Administration has apparently been able to live with the requirements imposed by the Third and the Tenth Circuits in Kane and Daniels. Whether such findings are required by the relevant statutes and regulations is another matter, however, and, on the basis of the record before us, I would not require a more explicit explanation of the ALJ's and the Appeals Council's decision not to move Phillips into the higher category. Accordingly, I respectfully dissent from the majority's holding to the contrary.

_____