PER CURIAM.
Carmen Lavaugh Earnheart appeals the district court’s[1] order affirming the denial of disability insurance benefits and supplemental security income. After a hearing, an administrative law judge (ALJ) determined that (1) Earnheart’s bipolar and general anxiety disorders, cocaine dependence in early remission, and borderline intellectual functioning were severe impairments, but alone or combined, did not meet or medically equal the requirements of a listing; (2) her subjective complaints were not entirely credible; and (8) while Earnheart’s residual functional capacity (RFC) precluded her past relevant work, based on a vocational expert’s response to a hypothetical, she could perform certain other jobs. The Appeals Council denied review, and the district court affirmed. This court reviews de novo the district court’s determination whether substantial evidence on the record as a whole supports the ALJ’s decision. See Phillips v. Astrue, 671 F.3d 699, 701-02 (8th Cir.2012).
We reject Earnheart’s challenges to the ALJ’s credibility findings. The record, including Earnheart’s testimony, reflects that there are reasons other than *75 her mental impairments for her ongoing failure to comply with the prescribed course of treatment. See Wildman v. Astrue, 596 F.3d 959, 968-69 (8th Cir.2010) (claimant properly discredited in part based on noncompliance with doctor’s instructions); cf. Pate-Fires v. Astrue, 564 F.3d 935, 945 (8th Cir.2009) (courts have recognized that mentally ill claimant’s noncompliance can be result of mental impairment). Further, contrary to Earnheart’s assertion, the ALJ did not rely solely on reports of Earnheart’s Bible reading to discount her alleged inability to focus and concentrate, as test results were also inconsistent with those allegations, see Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir.2010) (subjective complaints may be discounted based on inconsistencies in record as whole); and any slight overstatement by the ALJ of Earnheart’s daily activities is not a basis for reversal, see Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir.2008) (based on record as whole, credibility assessment was proper; ALJ may have overstated extent of daily activities, but record indicated claimant was generally able to care for himself). In sum, because the ALJ gave several valid reasons for discrediting Earnheart’s subjective complaints, we defer to his credibility findings. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir.2008).
We also reject Earnheart’s challenges to the ALJ’s RFC determination. In determining RFC, the ALJ essentially adopted the determinations of reviewing medical consultants, noting that he was not bound by them. Earnheart contends that the ALJ ignored treating physician’s opinions, but significantly, she does not identify which physician’s opinion was ignored or specify any finding 'by a physician that would call for a different RFC determination, see Martise v. Astrue, 641 F.3d 909, 923 (8th Cir.2011) (claimant bears burden of demonstrating her RFC); and the record belies her contention that the medical consultants failed to review her records. As to Earnheart’s reliance on her low global assessment of functioning (GAF) scores, the ALJ linked these scores to Earnheart’s noncompliance with the prescribed course of treatment, and in any event, this court has held that a GAF score is not essential to the accuracy of an RFC determination, only that it may be of considerable help in formulating RFC, see Halverson, 600 F.3d at 930-31.
As to the final issue, we find that the ALJ’s opinion indicates he considered the evidence of Earnheart’s substance abuse according to regulatory requirements. See Brueggemann v. Barnhart, 348 F.3d 689, 694-95 (8th Cir.2003) (if gross total of claimant’s limitations, including effects of substance-abuse disorders, shows disability, then ALJ must next consider which limitations would remain when effects of substance abuse are absent). The district court is affirmed.

. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).