# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2914

_____

Mary Francine Godoua

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: April 30, 2014
Filed: May 9, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mary Francine Godoua appeals the district court's order affirming the denial of her applications for supplemental security income (SSI) and disability insurance benefits (DIB). Godoua alleged disability since February 2009 from depression, anxiety, diabetes, and elbow and lumbosacral disorders. After a July 2010 hearing, an ALJ issued an adverse decision, finding that Godoua's severe impairments of

diabetes and a mood disorder did not meet or equal a listing, alone or combined; her subjective complaints were not entirely credible; she had the residual functional capacity (RFC) to perform medium work, but with non-exertional limitations; and based on a vocational expert's testimony, she could perform her past relevant work as a cashier. The Appeals Council denied review, and the district court affirmed. Upon de novo review, see McDade v. Astrue, 720 F.3d 994, 997-98 (8th Cir. 2013), we reverse and remand.

In seeking reversal, Godoua argues in part that the ALJ failed to develop the record on her mental impairments. We agree. The record shows that before the hearing, Godoua sought a mental health consultation. The request was summarily denied. At the subsequent July 2010 hearing, Dr. Gayle Monnig, who appeared as a medical expert, testified that medical records showed Godoua had suffered "substantial psychiatric difficulties" and psychoses as a child, but that there was limited information on her psychiatric condition as an adult because her treating doctors had not documented related findings. Dr. Monnig testified that it "certainly" would have been helpful to have a consultative report upon which to base her opinion on Godoua's mental RFC, as there was "very little" in the record. At the close of the hearing, Godoua again requested a mental health consultation. The ALJ indicated that he would consider the request upon review of the record, but we find nothing in the record reflecting that the ALJ denied the request, and if so, why.

Notably, Godoua filed new SSI and DIB applications a few weeks following the ALJ's denial of the instant applications. In connection with the new applications, a consulting psychologist examined Godoua in May 2011 and diagnosed probable bipolar and panic disorders and borderline traits. A different ALJ entertained the renewed applications and found, in 2012, that the bipolar disorder was a severe impairment; the new ALJ added mental RFC limitations and awarded benefits as of October 2, 2010, the date the applications at issue in the instant appeal were denied.

The foregoing favorable decision from 2012 was not presented to the district court, although by then the decision had been issued. Ordinarily this court declines to consider material that was not presented to the district court, but we find it proper to consider the 2012 decision: it shows that the very examination that Godoua had asked the ALJ in this case to order–twice, and to no avail–resulted in an award of benefits. See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (reversal for failure to develop record is warranted when failure is prejudicial or unfair); cf. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (generally appellate court cannot consider evidence not contained in record below, but when interests of justice demand it, appellate court may order record of case enlarged, although such authority is rarely exercised). We note that the 2012 decision is included in Godoua's opening brief, and therefore the Commissioner could have addressed the decision, if she wished. She chose to remain silent on the matter.

In any event, even setting aside the 2012 favorable decision, we would conclude that the ALJ erred by not arranging for a mental consultative examination. There was evidence in the record that Godoua had experienced significant psychological problems as a child, and she testified that she had anxiety attacks three times a week, and a history of suicidal tendencies when depressed, and that the only mental health care she had been able to obtain was through her regular physicians at a free clinic. Treatment records from the free clinic reflect diagnoses of anxiety and depression, and prescriptions for antidepressants and an anti-anxiety medication, but the treating physicians did not document related examination findings, which made it difficult for any outside reviewer to assess the extent of Godoua's current mental problems. See Hensley v. Barnhart, 352 F.3d 353, 355 (8th Cir. 2003) (it is ALJ's duty to develop record fully and fairly during claimant's proceedings, which are non-adversarial); cf. Snead v. Barnhart, 360 F.3d 834, 838-39 (8th Cir. 2004) (once aware of claimant's cardiomyopathy, ALJ should have taken steps to develop record sufficiently to determine if treating physician's opinion deserved controlling weight). Accordingly,

we reverse and remand for further development of the record on Godoua's mental impairments, including her mental RFC.

_____