# United States Court of Appeals
## For the Eighth Circuit

————————————————

No. 21-2538

————————————————

Jerris A. Wells

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: February 4, 2022
Filed: February 9, 2022
[Unpublished]

——————————

Before BENTON, KELLY, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Jerris Wells appeals the district court's[1] order affirming the denial of disability insurance benefits. We find that the Commissioner's decision is supported by

———————————————

[1]The Honorable John M. Bodenhausen, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

substantial evidence in the record as a whole.  See Swink v. Saul, 931 F.3d 765, 769 (8th Cir. 2019) (standard of review).

Specifically, the administrative law judge's (ALJ's) residual functional capacity (RFC) determination was supported by substantial evidence, see Moore v. Astrue, 572 F.3d 520, 523-24 (8th Cir. 2009) (ALJ's RFC determination was supported by substantial evidence, as it was based on state agency physician's opinion and objective findings); and Wells's additional alleged limitations of absenteeism and the need to lie down were not supported by the record, see Swink, 931 F.3d at 770 & n.3 (RFC assessment excluding absenteeism was supported by substantial evidence, including objective medical evidence, treatment notes, and opinion evidence indicating that claimant's impairments would not cause frequent absences); Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004) (need to lie down is medical question requiring medical evidence, and record did not contain evidence to support that need).  Substantial evidence also supported the ALJ's finding that Wells was literate, and thus that Medical-Vocational Rule 201.17 did not apply.  See Howard v. Massanari, 255 F.3d 577, 584-85 (8th Cir. 2001) (while record contained conflicting evidence regarding claimant's literacy, there was sufficient evidence under deferential standard of review to support ALJ's finding that claimant was literate); Starks v. Bowen, 873 F.2d 187, 189-91 (8th Cir. 1989) (finding that substantial evidence, including claimant's years of formal schooling and evidence on disability reports, supported ALJ's finding that he was literate, and affirming finding that Rule 201.17 did not apply).

The judgment is affirmed.

_____